■ MARY McCRAE, as Administratrix of the Estate of SHA-KEIA McCRAE, Deceased, et al., Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendants. [999 NYS2d 395]—

Order, Supreme Court, New York County (Douglas E. McKeon, J.), entered on or about January 16, 2014, which, to the extent appealed from, denied defendant Transit Authority's (defendant) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff commenced this action to recover damages for negligence after a fifty-pound sandbag struck and killed Sha-Keia McCrae, who was standing on the public sidewalk below the Rockaway Avenue train station of the No. 3 subway line. Plaintiff alleged that the Transit Authority, acting in a proprietary capacity as owner and operator of the station, failed properly to secure the sandbag box, and thereby failed to

maintain the subject premises in a reasonably safe condition. Defendant moved for summary judgment, arguing that the alleged negligent act of failing to secure the sandbag involved a governmental function that provided it immunity given the absence of a special relationship with the decedent.

Even if the failure to secure the sandbag can be characterized as a "security deficiency," as this deficiency does not serve as part of defendant's general security plan to protect the public pursuant to its police powers, does not implicate the allocation of police resources, and does not require the expenditure of substantial sums on capital improvements, we find that the alleged negligent act was so overwhelmingly proprietary in nature as to place the source of defendant's asserted liability well toward the proprietary function terminus of the continuum described in *Miller v State of New York* (62 NY2d 506, 511-512 [1984]; *see Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 455 [2011], *cert denied* 568 US —, 133 S Ct 133 [2012]; *Granata v City of White Plains*, 120 AD3d 1187 [2d Dept 2014]).

Further, the Supreme Court correctly determined that triable issues of fact exist as to the foreseeability of the apparent assault upon the decedent, thus precluding the award of summary judgment to defendant. Concur—Mazzarelli, J.P., Andrias, Manzanet-Daniels and Gische, JJ.